CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 28, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LARRY GENE HARLESS, JR.,          )
                                  )
        Plaintiff,                )       Case No. 7:25-cv-00650
                                  )
v.                                )       **MEMORANDUM OPINION**
                                  )
MICHELLE BOYD, *et al.*,          )       By:    Hon. Thomas T. Cullen
                                  )              United States District Judge
        Defendants.               )

Plaintiff Larry Gene Harless, Jr., a Virginia inmate who is proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against Defendants Michelle Boyd and Johnny Rosenbaum. (*See* ECF No. 7.) After filing his complaint, Plaintiff filed a proposed order, suggesting that the court order Defendants to appear for a preliminary injunction hearing and "restrai[n]" Defendants "from the 'Fourth Amendment Waiver." (*See* ECF No. 8.) The court construes Plaintiff's filing as a motion for preliminary injunction.

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders ("TRO") and preliminary injunctions. But such remedies are "extraordinary and drastic remedy" and are "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted). To obtain a preliminary injunction or TRO, Plaintiff must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain

preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original). And in the context of state-prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts.") (citations omitted).

Plaintiff's motion does not set forward any facts showing that he is likely to succeed on the merits of his claims, that he is likely to suffer irreparable harm absent preliminary injunctive relief, that the balance of equities favors an injunction, or that injunctive relief is in the public interest. Accordingly, he has not shown that he is entitled to a preliminary injunction against any Defendant, and his motion seeking such relief will be denied.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 28th day of April, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE