CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 17, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY GENE HARLESS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00650 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHELLE BOYD and | ) | |
| JOHNNY ROSENBAUM, | ) | By:     Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se*, filed this action

under 42 U.S.C. § 1983 against Defendants Michelle Boyd and Johnny Rosenbaum. (*See*

Compl. [ECF No. 1].) This matter is before the court on respective motions to dismiss by

Rosenbaum and Boyd (ECF Nos. 16, 22), two motions for leave to file amended complaints

by Harless (ECF Nos. 19, 46), and several ancillary motions by the parties.[1] For the following

reasons, the court will deny the first motion to amend as moot, deny the second motion to

amend, grant the motions to dismiss, and deny the ancillary motions as moot.

## I.    BACKGROUND

This matter stems from criminal proceedings against Harless in the Washington County

Circuit Court. [2] (*See* ECF No. 46-1 at 3, 5–8.) Boyd is (or was) an assistant commonwealth's

---

[1] The ancillary motions include Defendants' motion to stay discovery (ECF No. 30) and several motions filed by Harless: two motions to compel (ECF Nos. 31, 33), a motion to introduce exhibits of discovery (ECF No. 35), a motion for a mediation hearing (ECF No. 36), a motion for discovery and a protective order (ECF No. 42), a motion for intervention of the United States attorney general (ECF No. 48), and a motion for a jury trial (ECF No. 50.)

[2] As noted, Harless has filed two motions for leave to file an amended complaint which remain pending. Upon review, the allegations in Harless's proposed amended complaints (ECF Nos. 28, 46-1) largely mirror those in his current complaint (ECF No. 1.) But for convenience and completeness purposes, the court will refer chiefly to Harless's most recent proposed amended complaint (ECF No. 46-1) for the factual background of this case.

attorney in Washington County and allegedly prosecuted Harless in the criminal proceedings at issue.[3] (*See id.* at 6.) Rosenbaum served as Harless's defense counsel in those proceedings. (*See id.*) Harless makes the following factual allegations in his current complaint and his latest proposed amended complaint, which the court accepts as true when analyzing the motions to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

On May 18, 2021, Harless executed a plea agreement through which he agreed to plead guilty to certain offenses under Virginia law. (*See* ECF No. 1-1.) Under the plea agreement, Harless agreed, in relevant part, that during the two-year period of supervised probation specified under the agreement, he would "waive [his] Fourth Amendment right against unreasonable searches and seizures" and would "submit [his] person, place of residence, and property to search or seizure at any time of the day or night by any law enforcement officer with or without a warrant."[4] (*Id.* at 2.) Although Harless acknowledges that he signed the plea agreement, he claims that he did so "under extreme duress" caused by his then-present pretrial detention at the Southwest Virginia Regional Jail's Abingdon facility. (ECF No. 46-1 at 4–5.) According to Harless, the Fourth Amendment Waiver rendered the plea agreement "unconscionab[le]," and he claims that Defendants "willfully in deception presented" the plea agreement to Harless to sign. (*Id.* at 6.)

On September 9, 2025, Harless executed his complaint, which is his currently operative pleading. On December 9, 2025, and December 23, 2025, Rosenbaum and Boyd filed motions

---

[3] In briefing in support of her motion to dismiss, Boyd asserts that she "had nothing to do with Harless's prosecution." (ECF No. 23 at 3 n.1.) On a motion to dismiss, however, the court accepts a plaintiff's factual allegations as true.

[4] For convenience purposes, the court will refer to this provision of the plea agreement as the "Fourth Amendment Waiver."

to dismiss. (ECF Nos. 16, 22.) Harless filed a response in opposition to both motions to dismiss (ECF No. 24), Defendants did not file a reply, and the motions to dismiss are ripe for disposition.

On December 17, 2025, Harless executed a motion for leave to file an amended complaint. (ECF No. 19 at 4.) On January 2, 2026, Harless executed the proposed amended complaint associated with that motion. (ECF No. 28 at 7.) On April 22, 2026, Harless executed a second motion for leave to file an amended complaint (ECF No. 46 at 2), together with a second proposed amended complaint. (ECF No. 46-1 at 8.) Defendants have filed responses in opposition to the motions for leave (ECF Nos. 24, 49), Harless did not file any replies, and the motions for leave are ripe for disposition.[5]

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not

---

[5] Upon review, Harless's two proposed amended complaints are virtually identical to one another. (*See* ECF Nos. 28, 46-1.) Because Harless appears to have intended his second motion to amend to supersede his first, the court will deny as moot the first motion to amend. *See Thomas v. Utah Transit Auth. Police Dep't*, No. 2:24-cv-00736, 2025 WL 2912558, at *3 (D. Utah Oct. 14, 2025) (denying as moot *pro se* plaintiff's third motion to amend where the plaintiff "filed a fourth motion to amend which supersedes it.")

do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

For organizational purposes, the court will address Harless's second motion to amend before addressing Defendants' motions to dismiss.

### A. Motion to Amend

The Federal Rules of Civil Procedure require courts to "freely give leave [to amend a party's pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Fourth Circuit has instructed district courts "to liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2020). Leave to amend is properly denied, however, if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) (per curiam) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment is futile if it "is clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, or "if the claim it presents would not survive a motion to dismiss," *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Defendants argue that Harless's second motion to amend should be denied because his second proposed amended complaint would not survive a motion to dismiss. (ECF No. 49.) In support, Defendants argue that Harless's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 2–3.) They also argue that Harless's § 1983 claims are time barred under the applicable statute of limitations. (*Id.* at 3–4.) Finally, Defendants argue that Harless has failed to state any cognizable claims. (*Id.* at 4–5.) The court addresses each of Defendants' arguments in turn.

1.  *Heck v. Humphrey*

*Heck* precludes a § 1983 claim that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[6] 512 U.S. at 486–87. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction or sentence. *Id.* at 482. *Heck* instructs that if granting relief on a civil claim would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

*Heck* applies to bar a plaintiff's § 1983 claim if two requirements are be met: (1) a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's

---

[6] In addition to claims for money damages, *Heck* applies to claims for injunctive or declaratory relief that would necessarily imply the invalidity of the plaintiff's conviction or sentence. *See Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012) (per curiam) (citing *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011)) (injunctive relief); *Kendrick v. Albermarle Cnty.*, No. 7:21-cv-00141, 2022 WL 258483, at *2 (W.D. Va. Jan. 27, 2022) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)) (declaratory relief).

conviction or sentence; and (2) the claim is brought by a claimant who is either (a) currently in custody or (b) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. *Covey v. Assessor of Ohio Cty.,* 777 F.3d 186, 197 (4th Cir. 2015) (citations and alterations omitted).

Both requirements are met here. First, if the court were to determine that Harless signed the plea agreement under duress or that Defendants deceptively presented the agreement to Harless to sign, such findings would necessarily imply the invalidity of his convictions. *See Burris v. Ware*, No. 2:13-cv-00699, 2014 WL 4793737, at \*4 (D.S.C. July 31, 2014) (claim partially based on guilty plea allegedly made under "duress of false imprisonment" barred by *Heck*), *report and recommendation adopted as modified*, 2014 WL 4793805 (D.S.C. Sept. 25, 2014); *see also Nelson v. Sparks*, No. 2:09-cv-01316, 2011 WL 5914020, at \*1 (S.D. W. Va. Nov. 28, 2011) (claim based on allegation that plaintiff's "plea was made under duress" barred by *Heck*); *Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012) (per curiam) (holding *Heck* barred plaintiff's claims that defense counsel and prosecutors conspired to coerce plaintiff into pleading guilty).

The second *Heck* requirement is also met. Washington County Circuit Court records indicate that Harless was convicted after a guilty plea in Case Nos. CR20000058-00, CR21000380-00, CR21000381-00, and CR21000382-00.[7] He was sentenced in all four cases on May 19, 2021. In the first case (CR20000058-00), Harless was sentenced to 10 years imprisonment with 8 years suspended. In each of the other three cases (CR21000380-00,

---

[7] These facts are appropriately considered by the court, even though they are not alleged in Harless's complaint or his proposed amended complaints. *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state-court proceedings that directly relate to the issues pending in the federal court.)

CR21000381-00, and CR21000382-00), Harless was sentenced to 5 years imprisonment, all of which was suspended. Harless was therefore sentenced to 2 years of active incarceration on the offenses at issue. And although Harless may no longer be in custody on these convictions,[8] there is no apparent reason why he could not have practicably sought habeas relief while in custody. *See Gurrero v. Gates*, 442 F.3d 697, 702-05 (9th Cir. 2006) (holding that *Heck* barred claims brought by plaintiff who was no longer in custody after serving less than two years' incarceration). Moreover, Harless does not allege that his convictions have been reversed, expunged, or otherwise called into question.

For these reasons, the court concludes that Harless's § 1983 claims as raised in his second proposed amended complaint are barred by *Heck*.

2. Statute of Limitations

Generally, a statute of limitations argument is an affirmative defense not properly raised in a motion to dismiss under Rule 12(b)(6). *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). But "if all facts necessary to the affirmative defense clearly appear on the face of the complaint," then a court may address the affirmative defense pursuant to Rule 12(b)(6). *Id.* (internal quotation marks and emphasis omitted). In this case, the court concludes that the facts necessary to address the defense are contained on the face of Harless's second proposed amended complaint.

There is no federal statute of limitations applicable in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur.

---

[8] Although Harless is still in custody, it appears that he is incarcerated on offenses unrelated to those at issue here.

*Owens v. Okure*, 488 U.S. 235, 239–41 (1989). Virginia has a two-year statute of limitations for general personal injury claims. Va. Code § 8.01-243(a). Therefore, a plaintiff bringing a civil-rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. *Id.*

The time of accrual of a cause of action under § 1983, however, is a *federal* question. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir.1995)(en banc). In *Nasim*, the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Accordingly, in § 1983 cases in Virginia, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the statute of limitations from bringing suit.

Harless admittedly signed the plea agreement on May 18, 2021 (*see* ECF No. 1-1; ECF No. 46-1 at 4), and he does not claim that he was unaware of Defendants' alleged actions on that date. Therefore, as Harless had sufficient facts about the harm allegedly done to him, the statute of limitations began running on May 18, 2021. But Harless waited until September 9, 2025 (*see* ECF No. 1 at 5)—or over four years later—to initiate this action. And Harless does not argue that he is entitled to any equitable tolling of the limitations period. Thus, Harless's § 1983 claims are time barred.

In various filings, Harless argues that the statute of limitations has not yet begun to run. (ECF No. 27 at 1; ECF No. 46-1 at 6.) In support, Harless notes that the Fourth Amendment Waiver will only take effect when he is released on probation (*see id.*), which has yet to occur. But this is beside the point. As noted, a cause of action under § 1983 accrues "when the plaintiff possesses sufficient facts about the harm done to him." *Nasim*, 64 F.3d at 955. The events on which Harless bases his claims (*i.e.*, signing the plea agreement "under extreme duress" based on "willful[] . . . deception" on Defendants' part) (*see* ECF No. 46-1 at 5–6) allegedly took place on or about May 18, 2021. And as noted, Harless does not claim that he was unaware of Defendants' alleged actions on that date. Therefore, the limitations period on Harless's § 1983 claims began running May 18, 2021, and has since expired.

For these reasons, the court concludes that Harless's § 1983 claims as raised in his second proposed amended complaint would be time barred, and thus any amendment asserting those claims would be futile.

3. Failure to State Cognizable Claims

As an initial matter, Harless's allegations do not suffice to show that he entered the plea agreement under duress or that Defendants acted fraudulently. As noted, the duress that Harless complains of was his then-present pretrial detention, which presumably involved worse conditions of confinement than Harless anticipated he would experience after he was found guilty. But "[t]he mere fact of incarceration does not create duress sufficient to invalidate a plea agreement." *United States v. Cordero*, 1998 WL 852913, at *4 (4th Cir. Dec. 10, 1998). Indeed, "[t]he law is quite clear that a defendant's mere hope or subjective belief of better prison conditions if a guilty plea is entered is insufficient to show that the plea was made involuntary." *Clemmons v. United States*, 721 F.2d 235, 237 (8th Cir. 1983). Additionally, Harless

has failed to allege facts that, if true, would show that Defendants acted fraudulently in inducing him to sign the plea agreement. Indeed, apart from conclusory statements that Defendants "willfully in deception" presented the plea agreement to him, Harless proffers no facts in his second proposed amended complaint to show that Defendants acted fraudulently. (*See* ECF No. 46-1.) In pleading a claim, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, which Harless has not done.

Harless has also failed to adequately state any § 1983 claims in his second proposed amended complaint. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Adkins*, 487 U.S. 42, 48 (1988)). In his second proposed amended complaint, Harless alleges that Defendants actions violated the Fourth, Fifth, Ninth, and Fourteenth Amendments, as well as certain federal criminal statutes, specifically 18 U.S.C. §§ 241 and 242.[9] (ECF. No 46-1 at 5.)

As an initial matter, Harless's reliance on the Fifth and Ninth Amendments and the criminal statutes he cites is misplaced. The Fifth Amendment only applies to the federal government, and neither of Defendants is a federal actor. *See S.F. Arts & Athletics, Inc. v. U.S.*

---

[9] In addition to these constitutional amendments and federal criminal statutes, Harless cites in passing the following federal civil rights and jurisdictional statutes: 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988 and 28 U.S.C. § 1343. (ECF No. 46-1 at 5.) But these statutes are either inapplicable, redundant, or do not provide any substantive rights to Harless. Title 42 U.S.C. § 1981 generally provides that all persons within the United States have certain equal rights, and § 1983 merely provides a private right of action for plaintiffs to bring underlying federal claims. Title 42 U.S.C. § 1985 provides a damages remedy for claims of conspiracy to interfere with an individual's civil rights. Title 42 U.S.C. § 1986 provides a cause of action for certain claims of wrongful neglect. Title 42 U.S.C. § 1987 gives certain federal officers the power to initiate prosecutions against individuals who violate certain civil rights statutes. Title 42 U.S.C. § 1988 provides for the applicability of statutory and common law to civil rights actions and allows awards of attorney's fees and expert fees in those actions. Finally, 28 U.S.C. § 1343 merely gives district courts original jurisdiction over civil rights actions.

*Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) (explaining that "the Fifth Amendment . . . appl[ies] to the Federal Government"). The Ninth Amendment "refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." *Perry v. Jones*, No. 3:14-cv-00071, 2015 WL 7016519, at *3 (E.D. Va. Nov. 12, 2015) (quoting *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006)). And 18 U.S.C. §§ 241 and 242 "do not provide a private right of action." *Bey v. Davis*, No. 4:15-cv-00087, 2015 WL 13039574, at *1 (E.D. Va. Sept. 8, 2015).

Harless's reliance on the Fourth and Fourteenth Amendments fares no better. Although he is less than clear on this point, the court understands that, in raising a Fourteenth Amendment claim, Harless contends that Defendants' actions violated his due process rights. But as noted, he has failed to proffer facts to show that he was under sufficient duress to invalidate the plea agreement, and he has also failed to allege facts to suggest that Defendants acted fraudulently. Without more, the court cannot see how Defendants' actions violated Harless's due process rights.

As to Harless's Fourth Amendment claim, the court understands it to be based on the alleged unconstitutionality of the Fourth Amendment Waiver itself. But this claim fails. "Generally, constitutional rights can be waived as part of a plea agreement." *United States v. Keele*, 755 F.3d 752, 756 (5th Cir. 2014). A Fourth Amendment waiver is constitutional if it was given voluntarily and did not result from coercion. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49 (1973). As discussed, Harless has failed to proffer facts to show that he was under sufficient duress that would invalidate the plea agreement. To the extent Harless claims that the choice whether to sign the plea agreement was itself coercive, this does not suffice to state a claim. *See Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978) (noting that presenting a criminal

defendant "with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution" does not violate the Constitution.)

Liberally construed, Harless's second proposed amended complaint could be read to assert state-law claims for legal malpractice, fraud, and civil conspiracy. But Harless has failed to adequately state these claims. Under Virginia law, a plaintiff alleging that legal malpractice occurred during a criminal matter "must prove post-conviction relief and innocence entitling him to release," *Smith v. McLaughlin*, 769 S.E.2d 7, 12 (Va. 2015), which Harless has not alleged or shown. "A party pursuing a cause of action for fraud in Virginia must prove by clear and convincing evidence all of the elements of fraud: (1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) damages resulting from that reliance." *Bank of Montral v. Signet Bank*, 193 F.3d 818, 826 (4th Cir. 1999) (citing *Van Deusen v. Snead*, 441 S.E.2d 207, 209 (Va. 1994)). But Harless does not identify any false representation on the part of Defendants, nor does he present clear and convincing evidence of the fraud elements. And "under Virginia law, civil conspiracy is not actionable in its own right," but "is merely a mechanism for spreading liability among coconspirators for damages sustained as a result of an underlying act that is itself wrongful or tortious." *Kissinger-Stankevitz v. Town of Tappahannock*, No. 24-2270, 2025 WL 3046480, at *2 (4th Cir. Oct. 31, 2025) (quoting *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*, 805 S.E.2d 399, 405 (Va. 2017)) (internal quotation marks omitted). As Harless has failed to show any underlying tortious or unlawful act, he has failed to plead a civil conspiracy claim.

For these reasons, the court concludes that Harless has failed to state any cognizable claims in his second proposed amended complaint. Having also determined that the § 1983

- 12 -

claims Harless raises therein are barred by *Heck* and the statute of limitations, the court concludes that granting Harless leave to file his second proposed amended complaint would be futile. Accordingly, Harless's second motion to amend (ECF No. 46) will be denied.

### B. Motions to Dismiss

Having determined that Harless's second motion to amend is futile, the court now turns to Defendants' motions to dismiss. (ECF Nos. 16, 22.) Upon review, Harless's initial complaint raises substantially identical allegations as his second proposed amended complaint (*see* ECF Nos. 1, 46-1) which the court already determined fails Defendants' Rule 12(b)(6) challenge. Accordingly, for the reasons stated above, the court will grant Defendants' motions to dismiss and will dismiss Harless's claims in their entirety.[10] As the court will dismiss Harless's claims, it will also deny as moot the parties' remaining motions.

### IV.    CONCLUSION

For the reasons stated above, the court will deny as moot Harless's first motion for leave, deny Harless's second motion for leave, grant Defendants' motions to dismiss, dismiss Harless's claims in their entirety, and deny as moot the parties' remaining motions.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 17th day of June, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[10] In addition to the grounds addressed above, Boyd argues for the dismissal of Harless's claims against her based on principles of prosecutorial immunity. (ECF No. 23 at 6–8.) But having concluded that the motions to dismiss will be granted on other grounds, the court need no address Boyd's separate prosecutorial-immunity argument.